UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Ronald Jackson,**          :
                             :
          **Plaintiff,**     :
     v.                      :          Civil Action No. 11-1213 (CKK)
                             :
**Shaun Donovan** *et al.*,  :
                             :
          **Defendants.**    :

**MEMORANDUM OPINION**

Plaintiff, a District of Columbia resident, is suing Shaun Donovan, Secretary of the United States Department of Housing and Urban Development ("HUD"), and four non-federal individuals connected to the James Apartments managed by the District of Columbia Housing Authority ("DCHA").[1] *See* Mem. Op. and Order (Oct. 17, 2011) [Doc. # 30] (denying motion for a temporary restraining order and preliminary injunction). The amended complaint [Doc. # 8] is difficult to follow but plaintiff, proceeding *pro se*, claims that defendants have "denied [him] civil rights and privileges afforded an up-to-par resident council." Am. Compl. at 5. Plaintiff purports to assert claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*., and 42 U.S.C. §§1983, 1985 and 1986. *Id*. at 2. In addition, plaintiff claims that defendants have deprived him of the "freedom of assembly, . . . to vote . . . of association . . . to participate . . . of movement . . . of privacy . . . to enjoy[,] [and] of choice." *Id*. at 5.

Pending before the Court are Defendants Adrianne Todman and Brenda Redding's Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure [Doc. # 10] and

---

[1] In addition to Secretary Donovan, plaintiff sues DCHA Executive Director Adrianne Todman, Director of DCHA's Office of Resident Services Brenda Redding, President of the James Apartment Resident Council Leonard Dixon, and Scott Haapala. The Court dismissed the complaint against Haapala because of failed attempts to serve him with process. *See* Order (Dec. 20, 2011) [Doc. # 42].

Secretary Donovan's Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) [Doc. # 19]. For the following reasons, the Court will grant both motions, thereby dismissing the claims against these defendants.[2]

## BACKGROUND

Plaintiff's amended complaint, read liberally in conjunction with his opposition to Secretary Donovan's motion to dismiss, is based on his apparent election in 2011 to the position of Treasurer of the James Apartment Resident Council ("JARC") and the alleged failure of JARC's President, Leonard Dixon, "to handover the JARC bookkeeping works to the newly elected Treasurer . . . .". Pl.'s Opp'n to Fed. Defs.' Mot. to Dismiss ("Pl.'s Opp'n") [Doc. # 25] ¶ 2 & Attachments. Plaintiff seeks equitable relief and at least $1,000,000 in monetary damages. *See* Am. Compl. at 20-23.

## DISCUSSION

1. <u>Todman and Redding's Motion is Deemed Conceded</u>

By Order of August 17, 2011, plaintiff was directed to respond to Todman and Redding's motion to dismiss by September 16, 2011, and was advised that his failure to respond could result in the granting of the motion as unopposed and dismissal of the complaint against those defendants. Plaintiff did not file an opposition to this motion; therefore, it will be granted as conceded. *See Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997) (affirming district court's reliance on the absence of a response as a basis for treating a motion as conceded and granting the motion); *accord Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294-95 (D.C. Cir. 2004).

---

[2] The remaining defendant, Leonard Dixon, has a motion to dismiss pending, which the Court will resolve separately.

2. <u>Sovereign Immunity Bars the Official-Capacity Claim Against Secretary Donovan</u>

Under the doctrine of sovereign immunity, "the United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Such consent may not be implied, but must be "unequivocally expressed." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992). This immunity applies equally to a federal official sued in his official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

Plaintiff has cited no authority that waives the government's immunity to this action, and the Court has discerned no such authority from the complaint's vague allegations. *See FDIC v. Meyer*, 510 U.S. 471, 478 (1994) ("[T]he United States simply has not rendered itself liable under [28 U.S.C.] § 1346(b) for constitutional tort claims."); 42 U.S.C. § 1983 (applicable to state actors only); *Zhu v. Ashcroft*, No. 04-1408 (RMC), 2006 WL 1274767 (D.D.C. May 8, 2006), quoting *Hohri v. United States*, 782 F.2d 227, 245 n.43 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987) (§§ 1985 and 1986 "by their terms, do not apply to actions against the United States."); 5 U.S.C. § 704 (conferring jurisdiction under the APA to review "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court . . . ."). Therefore, the Court will grant Secretary Donovan's motion to dismiss the claim against him in his official capacity under Rule 12(b)(1).

3. <u>Plaintiff Has Failed to State a Personal-Capacity Claim Against Secretary Donovan</u>

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. (8)(a), "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355

U.S. 41, 47 (1957)). Rule 12(b)(6) provides a vehicle for parties to challenge the sufficiency of a complaint on the ground that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ P. 12(b)(6). When presented with a motion to dismiss for failure to state a claim, the district court must accept as true the well-pleaded factual allegations contained in the complaint. *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009), *cert. denied*, — U.S. —, 130 S. Ct. 2064 (2010). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. A complaint that contains " 'naked assertion[s]' devoid of 'further factual enhancement.' " will not survive a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at ---, 129 S.Ct. at 1949.

In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). Under *Bivens*, "it is damages or nothing." *Davis v. Passman*, 442 U.S. 228, 245 (1979) (citation and internal quotation marks omitted). To be held liable under *Bivens*, then, the official must have participated personally in the alleged wrongdoing. Liability cannot be based on a theory of vicarious liability or respondeat superior.

*See Iqbal*, 556 U.S. at ---, 129 S.Ct. at 1948 ("Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *id.* (finding that "respondent correctly concedes that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.").

Plaintiff alleges that Secretary Donovan, "[t]he primary policy maker" for HUD, "is now participating with alleged co-conspirators to withhold the tools from newly elected officers to carry out their duties to the James Apartments residents." Pl.'s Opp'n ¶ 1. He refers to three e-mail messages attached to his opposition that neither mentions Donovan nor implicates him in any of the alleged misconduct. Because plaintiff has stated no facts establishing Secretary Donovan's personal involvement in the alleged wrongdoing, the Court will grant Donovan's motion to dismiss the personal-capacity claim under Rule 12(b)(6) for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the Court will grant the motion of defendants Adrianne Todman and Brenda Redding to dismiss and the separate motion of defendant Shaun Donovan to dismiss. A separate Order accompanies this Memorandum Opinion.

_____s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: February 23, 2012