# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Ronald Jackson,                          :
                                         :
               Plaintiff,                :
       v.                                :          Civil Action No. 11-1213 (CKK)
                                         :
Shaun Donovan *et al.*,                  :
                                         :
               Defendants.               :

## MEMORANDUM OPINION

Plaintiff, a District of Columbia resident of the James Apartments, filed this lawsuit

against Leonard Dixon, President of the James Apartment Resident Council ("JARC"), and other

individuals who have since been dismissed.[1]  *See generally* Mem. Op. (Feb. 23, 2012) [Doc. #

48].  As previously noted, the amended complaint [Doc. # 8] is difficult to follow but plaintiff,

proceeding *pro se*, claims that defendants "denied [him] civil rights and privileges afforded an

up-to-par resident council."  Am. Compl. at 5.  Plaintiff purports to assert claims under the

Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*., and 42 U.S.C. §§1983, 1985(3)

and 1986.[2]  *Id*. at 2.  In addition, plaintiff claims that defendants have deprived him of the

"freedom of assembly, . . . to vote . . . of association . . . to participate . . . of movement . . . of

---

[1]  The James Apartments are  managed by the District of Columbia Housing Authority
("DCHA").  In addition to Dixon, Plaintiff sued HUD Secretary Shaun Donovan, DCHA
Executive Director Adrianne Todman, DCHA Director of Office of Resident Services Brenda
Redding, and Scott Haapala.  The Court dismissed the complaint against Haapala because of
failed attempts to serve him with process, *see* Order (Dec. 20, 2011) [Doc. # 42], and dismissed
the complaint against Donovan, Todman and Redding on February 23, 2012.  *See* Order (Feb. 23
2012) [Doc. # 47] (granting defendants' motions to dismiss).

[2]  Although plaintiff invokes the APA, he is not challenging the final action of any agency
but particularly that of a federal agency subject to judicial review under 5 U.S.C. § 704.

privacy . . . to enjoy[,] [and] of choice." *Id*. at 5.  He seeks equitable relief and at least $1,000,000 in monetary damages.  *Id*. at 20-23.

In what remains of this action, Dixon moves to dismiss plaintiff's amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.  Upon consideration of the motion, plaintiff's opposition, and Dixon's reply, the Court will grant Dixon's motion and dismiss the case.

## BACKGROUND

In the amended complaint, plaintiff alleges that Dixon violated his "Constitutionally protected rights to procedural and substantive due process" by in essence ruling the JARC "by fear."  Am Compl. at 8.  Plaintiff alleges, *inter alia*, that Dixon deprived him of his "rights and privileges to function" as a JARC council member by "continuing to operate in renegade council status . . . as a one man show with the help of the co-conspirators in this matter before the Court." *Id*. at 9.  In his opposition to the pending motion to dismiss, plaintiff accuses Dixon of engaging in a conspiracy.  Specifically,

> Plaintiff is alleging civil and criminal conspiracy against a combination of federal and local defendants where the harms done had to occur from agreement and willfulness between the offending parties across administrations.  The harms experienced by the plaintiff are a fixed election which denied freedom of choice; the agreement to stonewall complaints which denied freedom of expression; and all defendants acting in concert to funnel federal monies to [Dixon] through the . . . JARC resident council while it did not meet minimum standards as required by statute.  Plaintiff asserts the acts have been unlawful, and the methodology used to circumvent the statute meet the standard for civil and criminal conspiracy.

Pl.'s Opp'n to Defendant Leonard Dixon's Mot. to Dismiss Amended Compl. ("Pl.'s Opp'n")

[Doc. # 28] at 4.[3]  Plaintiff also accuses Dixon of winning elections "by fraud with [the] help of named co-conspirators[,]" thereby depriving "plaintiff and fellow residents of their choice."  *Id*. at 6.

## DISCUSSION

<u>Review Standard</u>

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. (8)(a), "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 12(b)(6) provides a vehicle for parties to challenge the sufficiency of a complaint on the ground that it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ P. 12(b)(6). When presented with a motion to dismiss for failure to state a claim, the district court must accept as true the well-pleaded factual allegations contained in the complaint. *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009), *cert. denied*, — U.S. —, 130 S. Ct. 2064 (2010).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

A complaint that contains " 'naked assertion[s]' devoid of 'further factual enhancement.' " will not survive a Rule 12(b)(6) motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct.

---

[3]  Because plaintiff's opposition contains duplicate page numbers, the Court will cite the page numbers assigned by the electronic docket.

1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557).  Rather, a complaint must contain

sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on

its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at ---, 129 S.Ct. at 1949.

Analysis

Plaintiff's claim of a criminal conspiracy fails because "18 U.S.C. § 241 is a criminal

statute that provides no basis for an individual to bring a private, civil action." *Alexander v.

Wash. Gas Light Co.*, 481 F. Supp. 2d 16, 32 (D.D.C. 2006).  Under District of Columbia law, a

"[c]ivil conspiracy is not an independent tort but only a means for establishing vicarious liability

for an underlying tort." *Hill v. Medlantic Health Care Grp.*, 933 A.2d 314, 334 (D.C. 2007)

(internal quotation marks omitted); *see also McCord v. Bailey*, 636 F.2d 606, 611 n.6 (D.C. Cir.

1980) ("[C]ivil conspiracy is not in and of itself a civil wrong, giving an independent cause of

action.").  That is, like respondeat superior, civil conspiracy "is a theory of liability, not a separate

cause of action that demands its own count." *Baird v. Holway*, 539 F. Supp. 2d 79, 91 (D.D.C.

2008); *accord Williams v. District of Columbia*, 916 F. Supp. 1, 3 n.2 (D.D.C.1996).

Plaintiff's claims against Dixon fail for the following reasons.  First, at best, plaintiff

alleges that Dixon conspired with others to conduct a fraudulent election but he has not "state[d]

with particularity the circumstances constituting fraud . . . ."[4]  Fed. R. Civ. P. 9(b).  Even if he

---

[4]  Plaintiff does not question his "apparent election in 2011 to the position of Treasurer" of JARC.  Mem. Op. [Doc. # 48] at 2.

4

had, this Court would lack original jurisdiction over the claim and, pursuant to 28 U.S.C.

1367(c), would decline to entertain the claim under its supplemental jurisdiction.

Second, plaintiff has not alleged any facts establishing that Dixon deprived him of rights

protected by the U.S. Constitution or federal law and, therefore, has stated no claim under 42

U.S.C. §§ 1983, 1985(3) and 1986 because those statutes provide a remedy only for the

deprivation of federally protected rights.  *See Alexander*, 481 F. Supp. 2d at 31 ("There can be no

recovery under § 1985(3) absent a violation of a substantive federal right.") (citation and internal

quotation marks omitted); *Mazloum v. District of Columbia*, 442 F. Supp. 2d 1, 10 (D.D.C. 2006)

("Since plaintiff's cover-up allegations fail to implicate a constitutional right, a conspiracy that

has as its purpose the very same non-cognizable cover-up also fails to state a legal claim" under §

1985(3).") (citations omitted); *see also Nelson v. Williams*, 750 F. Supp. 2d 46, 49 n.4 (D.D.C.

2010) (citing cases finding civil conspiracy claim factually insufficient).  Furthermore,

§ 1983 applies only to "person[s] who [act] under color of any statute, ordinance, regulation,

custom, or usage, of any State . . . or the District of Columbia," *i.e.*, state actors, which the

allegations against Dixon fail to establish, and plaintiff has not pleaded facts to satisfy the

pleading requirement of § 1985(3) "that the conspiracy was motivated by 'racial, or perhaps

otherwise class-based, invidiously discriminatory animus.'"  *Mazloum*, 442 F. Supp. 2d at 11 n. 5

(quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).  Since § 1986 imposes liability

upon a person who "neglects or refuses" to prevent a wrong under § 1985, plaintiff's § 1986

claim also fails.

Third, and most dispositive, plaintiff's conclusory allegations against Dixon are the very

type of "naked assertions" the Supreme Court found incapable of surviving a Rule 12(b)(6)

5

motion to dismiss. *Twombly*, 550 U.S. at 557. For all of the foregoing reasons, the Court will grant defendant Dixon's motion to dismiss under Rule 12(b)(6). A separate, final Order accompanies this Memorandum Opinion.

_____s/s_____<br>COLLEEN KOLLAR-KOTELLY

DATE: April 20, 2012                    United States District Judge